UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

DIONTE NOBLE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES,

Defendant.

------------------------------------x

**MEMORANDUM & ORDER**
26-CV-4941 (EK)(MMH)

ERIC KOMITEE, United States District Judge:

Plaintiff Dionte Noble filed this housing discrimination action in the U.S. District Court for the Southern District of New York in July. *See* Compl., ECF No. 1. The case was subsequently transferred to this district. *See* ECF Nos. 7 and 8. Proceeding *pro se*, Noble also moves for *in forma pauperis* status. *See* ECF No. 2. For the reasons that follow, Noble is granted *IFP* status, but his complaint must be dismissed.

## I. Background

The Court draws the following facts from the complaint and presumes their truth for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Noble sued the New York City Department of Social Services ("DSS") for violations of the Fair Housing Act, discrimination, harassment, "murder 2nd degree," and "manslaughter 1st degree." Compl. 2. More specifically, he alleges "non-compliant health conditions," "locker rust" to which he had an allergic reaction, "stolen property = birth certificate," and "assault[.]" *Id.* at 5. He provides no further details, but seeks damages equivalent to six years' back rent. *Id.* at 6.

## II. Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). A district court will dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**III. Discussion**

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." Accordingly, Noble's claims against DSS — a city agency — must be dismissed. *See Asemota v. City of New York*, No. 24-CV-7793, 2025 WL 2662301, at *8 (S.D.N.Y. Sept. 16, 2025) (applying this provision to conclude that DSS is not a suable entity).

Even if the City were properly named as a defendant, however, the complaint would still not state a claim upon which relief could be granted. Noble claims to have suffered violations of the Fair Housing Act but alleges no facts in support of that claim other than the conclusory allegation of "discrimination," which the Court need not credit. *See Iqbal*, 556 U.S. at 678 (court need not accept "legal conclusions" as true). Nor does Noble explain how the City was responsible for assault, harassment, murder, manslaughter, or stolen property.

Finally, even assuming the City was responsible for "non-compliant health conditions" at Noble's public housing, he

has not explained why this Court would have subject-matter jurisdiction over that claim. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In general, federal courts have jurisdiction over two categories of cases: cases that "arise under federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a). These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).

Here, Noble has pled neither. He has not established diversity jurisdiction under 28 U.S.C. § 1332 because he has not pled diversity of citizenship. All his complaint establishes is that he is a New York resident suing a New York municipality. *See* Compl. 3-4. Nor has Noble pled federal-question jurisdiction. He does not cite any federal statute under which his allegations regarding non-compliant health conditions would be actionable, and the Court is aware of none. Moreover, the Constitution does not "guarantee . . . access to dwellings of a

particular quality," *Lindsey v. Normet*, 405 U.S. 56, 74 (1972), so he cannot bring a claim under Section 1983.[2]

## IV. Conclusion

For the foregoing reasons, Noble is granted *in forma pauperis* status, but the complaint is dismissed.[3] Noble may, within thirty days of this order, file an amended complaint that corrects the deficiencies with his claims identified herein. He is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 26-CV-4941(EK)(MMH).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to

[2] The Court also lacks supplemental jurisdiction over plaintiff's Heath Code claim under 28 U.S.C. § 1367 because we have already concluded that his one federal claim — under the Fair Housing Act — must be dismissed.

[3] Although the Second Circuit has not directly addressed the question, the Third Circuit has held that "a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an *IFP* application in either order or even simultaneously" — an approach which it says "aligns [it] with [its] sister Courts of Appeal." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2026
Brooklyn, New York